**Clifford D. NOE, Plaintiff,**

v.

**B.G. STOCKWELL, et al., Defendants.**

**No. TX–80–44–CA.**

United States District Court,
E.D. Texas,
Texarkana Division.

March 19, 1986.

Robert M. Roach, Jr., of Mayor, Day & Caldwell, Houston, Tex., for plaintiff.

Steven Mason, Asst. U.S. Atty., Tyler, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

HALL, District Judge.

Came on for consideration Defendants' Motion for Stay of Proceedings, and the Court, having reviewed the motion, and after an oral hearing held on the matter on March 17, 1986, is of the opinion that the motion should be denied, for the reasons set forth below.

Defendants' contend that the Court should stay the proceedings in this cause, including the third trial of this case, which is scheduled for March 24, 1986, so that Defendants can advance an appeal to the Fifth Circuit Court of Appeals based on this Court's denial of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. Defendants argue that they are entitled to an interlocutory appeal whenever a District Court denies a defendant pleading qualified immunity a dismissal, citing *Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) and *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985). This Court does not agree.

The United States Supreme Court, in *Mitchell v. Forsyth, supra* at 2817, held "that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment". However, the *Mitchell Case* must be examined in the context of its particular fact pattern. In *Mitchell,* the Court was faced with a "timely petition" for certiorari filed by former Attorney General John N. Mitchell, seeking review of the lower courts' rulings on the preliminary matters of absolute immunity and qualified immunity. The Third Circuit Court of Appeals had remanded the case to the District Court for further proceedings leading to the entry of a final judgment, and no trial proceedings had taken place at the time Mitchell requested Supreme Court intervention. The fact that a trial had not occurred was obviously the Supreme Court's foremost policy consideration in ultimately reversing the Court of Appeals for declining to accept jurisdiction over the question of qualified immunity. *See: Mitchell v. Forsyth, supra* 105 S.Ct. at 2815–17. Furthermore, on the merits of the *Mitchell Case,* the Court found that the

Attorney General was entitled to summary judgment on the ground of qualified immunity.

The unique situation before this Court is quite different than that set forth in *Mitchell*. This case has gone to trial on two occasions and trial transcripts of those proceedings have been prepared. In June of 1980, Clifford D. Noe instituted this civil rights action, pro se, alleging among other things, that his First Amendment rights were violated by his removal from the Kosher kitchen program at The Federal Correctional Institution in Texarkana, Texas. At the first trial of this case before Magistrate Charles K. Ruth in March of 1981, the Magistrate found that Defendants were protected by the defense of qualified immunity, and in August of 1981 the Honorable William M. Steger, United States District Judge, entered final judgment dismissing the case pursuant to the Magistrate's Report and Recommendation. In June of 1983 the Fifth Circuit Court of Appeals 750 F.2d 448 reversed and remanded on the basis that Noe had been denied his right to a jury trial in that Magistrate Ruth had disposed of the matter by evidentiary hearing. Accordingly, a jury trial was held before the Honorable Harry W. McKee, United States Magistrate, in March of 1984. At this second trial, qualified immunity was submitted to the jury as a special issue in the verdict form. *No motion to dismiss or for summary judgment (on the basis of qualified immunity) was urged by Defendants nor did they take an interlocutory appeal on the issue prior to the second trial of this case.* The jury returned a verdict on March 28, 1984, finding no constitutional violation on Defendants' part; therefore, the issue of qualified immunity was never determined by the jury. Approximately six months after Magistrate McKee tried the case, the Fifth Circuit decided that a district court is without authority to refer a prisoner civil rights case to a magistrate for a full jury trial without the consent of the parties. *Ford v. Estelle,* 740 F.2d 374 (5th Cir.1984). Because the parties had not consented to the March 1984 trial before Magistrate McKee,

he withdrew his Report and Recommendation on July 22, 1985. Since that time, this Court has entertained numerous motions in this case, has held two (2) hearings, the parties have selected a jury, and the case is scheduled for trial Monday, March 24, 1986.

Under these facts, as outlined above, it is this Court's opinion that even if the Court of Appeals does have jurisdiction of this case per *Mitchell v. Forsyth, supra,* the Court of Appeals would correctly decline to exercise said jurisdiction. Firstly, as alluded to earlier, the policy consideration underlying qualified immunity, that of shielding government officials from discovery and trial in frivolous suits, is not present in the case at bar. Considerable discovery and two trials on the merits have already occurred. And the case is not so insubstantial as to justify dismissal. Plaintiff's pleadings can in no way be compared to the "blunderbuss fashion" in which the complaint before the Court in *Elliott v. Perez, supra,* was drafted. Plaintiff's pleadings are detailed as to all material facts on which he will rely to establish his right of recovery, including Defendants' inability to successfully maintain the defense of immunity. Together, the following pleadings undoubtedly meet the pleading specificity requirement of *Elliott v. Perez:* Plaintiff's Supplemental Complaint, Facts I, filed pro se on June 9, 1980; Supplemental and/or Amended Complaint, Facts I, filed pro se on June 25, 1980; Petitioner's Petition for Writ of Mandamus and Amended Complaint for Damages, paragraph 2, filed pro se on August 26, 1980; and Plaintiff's Supplemental Petition, paragraphs I and IV, filed by Counsel on March 17, 1986. These pleadings, together with the transcript, raise substantial fact questions regarding whether or not clearly established constitutional law as set forth in the following cases and regulation was violated: *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Kahane v. Carlson,* 527 F.2d 492 (2nd Cir.1976); *Walker v. Blackwell,* 411 F.2d 23 (5th Cir. 1969) (no special diet required for Black

Muslims as exception to the general rule of prisoner retention of First Amendment rights due to security concern in serving meals after sunset); *Schlesinger v. Carlson,* 489 F.Supp. 612 (M.D.Pa.1980); 28 C.F.R. § 547.12 (1979). Perhaps the most compelling reason behind this Court's belief that Defendants are not entitled to an interlocutory appeal is that Defendants allowed the case to proceed to trial before Magistrate McKee and permitted the issue of qualified immunity to be submitted to the jury, without an interlocutory appeal being taken on the issue of qualified immunity. In that connection, to reiterate a point made earlier, this Court notes that no motion to dismiss or for summary judgment based on qualified immunity was urged by Defendants prior to the second trial on the merits. *Harlow v. Fitzgerald,* 457 U.S. 800, 813–20, 102 S.Ct. 2727, 2735–39, 73 L.Ed.2d 396 (1982).

For the aforementioned reasons, it is, therefore, ORDERED, ADJUDGED and DECREED that The Motion to Stay be DENIED.